# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD MILES WINTERS,<br><br>                Plaintiff,<br>  vs.<br><br>ZANE NIGHSWONGER,<br>SUPERINTENDENT III, *et al.*,<br><br>                Defendants. | Case No. 3:19-cv-00146-MMS |

## ORDER & WARNING NOTICE TO PRO SE PLAINTIFF

At Docket 18, Defendants have filed a Motion for Summary Judgment under Rule 56 of Federal Rules of Civil Procedure. Because the Plaintiff is self-represented, the Court provides the Plaintiff with the following notice of the potential consequences of Defendants' motion.

## WARNING NOTICE TO PLAINTIFF

This Notice is required to be given by the Court to all self-represented prisoners. Defendants have made a motion for summary judgment by which they seek to have your case against them dismissed. If granted, a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will end your case against Defendants. Although the actual text of Federal Rule of Civil Procedure 56 controls in any dispute as to its interpretation, the Court provides the following brief explanation of this rule.

Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. In other words, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment may be entitled to judgment as a matter of law, which would end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says. Instead, you must set out specific facts in declarations or affidavits, depositions, answers to interrogatories, or authenticated documents as provided in Federal Rule of Civil Procedure 56(c), which you attach as exhibits to your opposition to the Defendants' motion. The facts that you cite to should contradict the facts as stated in Defendants' declarations and documents, and show that there is a genuine issue of material fact for trial or why the Defendants do not establish that there is not a genuine issue of material fact for trial. If you do not submit your own evidence in opposition to the Defendants' motion, summary judgment, if appropriate, may be entered against you. **As Plaintiff, you are on notice that if summary judgment is granted, your case will be dismissed and there will be no trial or further proceedings in regard to the allegations you make against Defendants.**

In rare cases, a Plaintiff can explain in an affidavit or declaration what the specific reasons are that he/she cannot present facts that are essential to justifying

his/her opposition to the motion for summary judgment. In this situation, a Plaintiff can request the Court to postpone its ruling on the motion for summary judgment. If the Court is persuaded by such a motion to postpone its ruling, it may then defer or deny the motion for summary judgment so that a Plaintiff has time to obtain affidavits, declarations, or take discovery.

**IT IS THEREFORE ORDERED:**

1. The Plaintiff has until on or before **21 days after the date of this order** to serve and file on the Defendants any opposition to the Defendants' Motion for Summary Judgement at Docket 18.

2. The Defendants have until **14 days** after service of the Plaintiff's opposition to serve and file a reply.

DATED this 27th day of April, 2021 at Anchorage, Alaska.

                         */s/ Matthew M. Scoble*
                         UNITED STATES MAGISTRATE JUDGE